UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HEATHER OSMUN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:16-cv-00273-SLC |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
|     Defendant. ) | |

## OPINION AND ORDER

Plaintiff Heather Osmun brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On September 28, 2018, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 21).

Osmun's counsel, Attorney Adriana M. De la Torre ("Counsel") now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $29,844.38 for her representation of Osmun in federal court, less an offset for the $10,601.61 in attorney fees previously received by Counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and further reduced to $13,244.38, which is the amount still withheld by the Commissioner for payment of Osmun's lawyers. (ECF 26, 27, 39). The Commissioner has filed a response indicating that it does not oppose the motion. (ECF 41). Therefore, the motion is ripe for ruling. For the following reasons, the motion for attorney fees will be GRANTED.

*A. Factual and Procedural Background*

On June 21, 2016, Counsel entered into a Social Security Disability Application Fee Agreement (the "Fee Agreement") with Osmun for her representation of Osmun in federal

court.[1]  (ECF 26-2).  The Fee Agreement provides that Counsel will receive twenty-five percent of any past due benefits awarded to Osmun or her dependents in the event her disability appeal is successful.  (*Id.*).

On July 14, 2016, Osmun filed the instant action in this Court, appealing the Commissioner's denial of her application for disability benefits.  (ECF 1).  On September 28, 2018, the Court entered an Opinion and Order reversing the Commissioner's final decision and remanding the case to the Commissioner for further proceedings.  (ECF 21).

On December 13, 2018, the Commissioner filed a stipulation to an award of attorney fees under the EAJA in the amount of $10,601.61, for the time that Counsel spent advocating Osmun's claim in federal court.  (ECF 24).  The Court granted the stipulated motion, ordering the Commissioner to pay the requested EAJA fee award to Osmun.  (ECF 25).

On January 5, 2020, the Commissioner sent a notice of award to Osmun, informing her that she was entitled to monthly disability benefits as of August 2012.  (ECF 26-1 at 2).  In the notice, the Commissioner explained that Osmun would receive a check for $90,992.12 in past-due benefits and that the Commissioner was withholding $29,844.38 of past-due benefits to pay Osmun's lawyers.  (*Id.* at 2-3).

On January 28, 2020, Counsel filed the instant motion, together with a memorandum and supporting evidence, seeking $29,844.38 in attorney fees under § 406(b) less the previously awarded EAJA fees of $10,601.61.  (ECF 26, 27).  On March 16, 2020, Osmun filed a letter *pro se* opposing the requested fee award, asserting that Counsel improperly "is looking for an additional 25% [over] the 10,000 she has already been paid."  (ECF 28).  Counsel filed a

---

[1] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

response to Osmun's letter the next day, asserting that Osmun's objection was contrary to the Fee Agreement Osmun signed on June 21, 2016; that § 406(b) specifically authorizes twenty-five percent to be paid to Counsel from past-due benefits; and that the $10,601.61 in EAJA fees already received were to be deducted from the § 406(b) request to prevent double recovery. (ECF 29).  Counsel further asked that the Court stay adjudication of her § 406(b) motion until such time as the § 406(a) fee petitions had been processed by the Commissioner.  (*Id.* at 5).

Accordingly, on March 25, 2020, the Court administratively terminated the instant § 406(b) motion, subject to renewal by Counsel after the Commissioner had processed any pending § 406(a) petitions; the Court ordered the parties to file a joint status report every thirty days.  (ECF 30).  On November 20, 2020, the parties entered their final status report, informing that the § 406(a) fee petitions in the aggregate amount of $16,000 had been processed, and that the Commissioner still had $13,244.38 withheld to pay Osmun's remaining attorney fees.  (ECF 38).  Counsel filed a second brief in support of her § 406(b) motion (ECF 39), and the Commissioner filed its response indicating that it does not oppose Counsel's motion (ECF 41).

### B.  Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406.  *Gisbrecht*, 535 U.S. at 793-94.  Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court.  *Id*.  Unlike fees obtained under the EAJA,[2] the fees awarded under § 406 are charged against the claimant, not the government.  *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee

---

[2] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).

agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Id.* at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[3] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. This twenty-five percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.* at 797.

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness,

---

[3] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

4

>have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### C.  Discussion

The Court is charged with determining whether Counsel's requested fee under § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ."  42 U.S.C. § 406(b)(1)(A).  Osmun was awarded $120,836.50 in past-due benefits—$90,992.12 paid by check plus the $29,844.38 withheld by the Commissioner.  (*See* ECF 26-1 at 2-3).  The fee amount that Counsel seeks, $29,844.38, prior to any offsets or reductions does not exceed twenty-five percent of Osmun's past-due benefits.

Counsel contends that the requested fee award of $29,844.38, prior to any offsets or reductions, is reasonable for the 56.9 hours she spent representing Osmun in federal court.  The Court acknowledges Counsel's experience in the field of Social Security law, and that Counsel obtained a good result for Osmun.  *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client).  In doing so, Counsel did not request any extensions to the briefing process,[4] and thus did not contribute to any delay of the case.  *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's

---

[4] The Commissioner requested, and received, two extensions to the briefing process.  (ECF 14-17).

5

profit from the accumulation of the claimant's past benefits).

Also, the risk of loss the attorney assumed in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases.").

Here, Counsel's requested fee of $29,844.38 (prior to any offsets or reductions) divided by the 56.9 hours she spent on the case in federal court equates to an effective rate of about $525 per hour.[5] As such, Counsel's requested fee is within the range frequently awarded by this Court. *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee equating to $549.14 per hour). Further, Counsel acknowledges that the EAJA fee award of $10,601.61 she previously received must be offset from the $29,844.38 in requested § 406(b)

---

[5] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus, *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen*, 2004 WL 1737443, at *5; *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

fees.  (ECF 40 ¶ 10).  Counsel then further reduces her requested fee to $13,244.38—the amount still withheld by the Commissioner for paying Osmun's lawyer after payment of the attorney fees under 406(a) fees.  (*Id.* ¶ 11).

As to the objections that Osmun asserts in her *pro se* letter, they are unpersuasive.  As Counsel points out, Osmun agreed to the twenty-five percent attorney fee in the Fee Agreement, and the requested fee amount is permitted under § 406(b).  And contrary to Osmun's assertion, there will be no double recovery because the amount previously received by Counsel in EAJA fees will be offset from the amount approved in § 406(b) fees.  Moreover, Counsel further reduces her requested § 406(b) fee to the amount still withheld by the Commissioner after payment by the Commissioner of the § 406(a) fees.

Accordingly, Counsel's requested § 406(b) fee award of $29,844.38, less an offset for the $10,601.61 in EAJA attorney fees previously received by Counsel, and further reduced to $13,244.38, the amount still withheld by the Commissioner, will be GRANTED.

### D.  Conclusion

For the foregoing reasons, Counsel's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF 26) is GRANTED.  The requested fee of $29,844.38 is offset by the $10,601.60 in EAJA fees previously received by Counsel, and further reduced to $13,244.38, the amount still withheld by the Commissioner for payment of Osmun's lawyers.  The Commissioner is ORDERED to direct payment of the $13,244.38 to Counsel pursuant to the Fee Agreement between Osmun and Counsel.

SO ORDERED.  Entered this 14th day of December 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge